Rush C. Hawkins, Respondent, *v.* Nathaniel B. Palmer, Appellant.

(Argued January 9, 1874; decided May term, 1874.)

This was an action to recover damages for alleged- false representations in the sale, by defendant to plaintiff, of certain shares of the capital stock of the Neptune Steamship Company. The plaintiff was, at the time of his purchase of the stock in question, a stockholder in the company, and defendant was a director.

At a meeting of the board of directors prior to the purchase, reports had been made by the treasurer and secretary of the company as to its affairs, then supposed to be correct. They showed a surplus, over indebtedness and stock, of $503,605. Defendant represented the company to be in excellent condition and doing an excellent business ; that it was proposed to consolidate with another company ; and that assets to the amount of the surplus, which was stated as above, were to be turned into cash, and the proceeds distributed among the stockholders. The assets consisted, in part, of shares in the stock of another steamboat company. These, defendant stated, parties had agreed to take at par. Upon these representations plaintiff purchased. It was subsequently discovered by the parties that the treasurer had made a mistake in his statement by omitting $119,216 of indebtedness. When this was discovered defendant voluntarily sent to plaintiff his check for the difference this error made in the value of the stock sold. No proof was given showing that defendant knew, or had reasons for believing, any of his statement to be untrue, save that as to the offer for the stock owned by the company. Defendant himself testified that he never knew that there was any person who had agreed to take such stock, or any part of it, at par, but that he considered it worth par.

*Held* (Reynolds, C., dissenting), that this was sufficient to sustain a denial of a motion for a nonsuit.

The court after charging, among other things, substantially that the representation must not only be false but must have

been made with intent to deceive, and if the person making it believed its truth and was deceived or honestly mistaken he was not responsible, submitted to the jury to say whether defendant, as a director looking after the interests of the stockholders, or as a prudent man looking after his own, and having the means of ascertaining whether the statements of the treasurer were true or not, was not bound to ascertain it. The defendant objected " to so much of the charge as stated that the defendant had no right to rely upon the report of the secretary and treasurer without further examination."

*Held* (REYNOLDS, C., dissenting), that the exception did not meet the charge or point out the precise ground of objection and was insufficient to present the question of error in the charge.

*John W. Edmonds* for the appellant.

*Francis N. Bangs* for the respondent.

DWIGHT, C., reads for affirmance.

All concur, except REYNOLDS, C., who dissents and reads for reversal.

Judgment affirmed.